UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80366-CIV-COHN/SELTZER

REGIONS BANK, an Alabama
banking corporation,

    Plaintiff,

v.

TBG & CC RECREATION, LLC, a
Florida limited liability corporation,
et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses [DE 10] ("Motion"). The Court has considered the Motion, the record, and is otherwise advised in the premises.

### I. BACKGROUND

According to the Complaint, "[t]his is an action for damages under a promissory note, forebearance agreement and Swap Agreement" amongst the parties. DE 1 ¶ 1. The Complaint asserts two claims for breach of contract. In response, TB & CC Recreation, LLC and Arthur Falcone (together, "Defendants"), filed their Answer and Affirmative Defenses to Plaintiff's Complaint wherein they assert all of three affirmative defenses. Thereafter, Plaintiff filed the instant Motion seeking to strike all three of Defendants' affirmative defenses.

## II.  ANALYSIS

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 12(f) provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted).  An affirmative defense will only be stricken if it is insufficient as a matter of law.  See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law."  Id. (citations omitted).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(A).  Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007).

The Motion begins with a blanket objection to Defendants' affirmative defenses. Specifically, Plaintiff argues that all three defenses "fail to identify which count of the (2) two count complaint they are being asserted against, leaving Plaintiff unable to determine which of the affirmative defenses are being asserted as to which count." DE 10 at 3 (citing <u>Byrne v. Nezhat</u>, 261 F.3d 1075 (11th Cir. 2001); <u>Anderson v. District Bd. of Trustees of Cent. Fla. Community College</u>, 77 F.3d 364 (11th Cir. 1996); <u>Cano v. South Florida Donuts, Inc.</u>, No. 09-81248-CIV, 2010 WL 326052 (S.D. Fla. Jan. 21, 2010)).  The cases cited by Plaintiff involve shotgun pleading and have little applicability to the circumstances before this Court.  For example in <u>Byrne</u>, one of the defendants asserted twenty-six affirmative defenses while another group of defendants set forth fourteen defenses.  Likewise, in <u>Cano</u>, the defendants asserted thirty-one affirmative defenses.  Here, Defendants have asserted three affirmative defenses to Plaintiff's two-count Complaint.

Defendants set forth the following affirmative defenses:

<u>First Affirmative Defense</u>
Regions Bank was and remains obligated to deal with Defendants in good faith, and to mitigate its damages, as required by the Uniform Commercial Code.

<u>Second Affirmative Defense</u>
Regions Bank must account for the value of its collateral when presenting its claim to this Court, and these Defendants are entitled to a setoff in such amounts.

<u>Third Affirmative Defense</u>
Venue in this Court is improper and provides an inconvenient forum in which to adjudicate the claims and defenses of the parties.  The District in which the collateral (including real property and other monetary rights) exists presents a far more appropriate forum, including the ability to bring

> other relevant obligors and the collateral within the jurisdiction of a district court for a more complete and final adjudication which will not prejudice these Defendants.

DE 6 at 3-4.

Plaintiff launches several attacks against the above defenses, most of which argue that such defenses fail on the merits due to provisions contained within the parties' agreements. Such arguments are inconsistent with the legal standard set forth above. As discussed, motions to strike are routinely denied unless the challenged affirmative defenses have no relation to the case or may prejudice one of the parties. Here, the Court finds that the Defendants' affirmative defenses state common and generally applicable principles of law. In addition, the defenses provide "fair notice" meeting the minimum pleading requirements and the Court can identify no prejudice to Plaintiff. Indeed, Defendants asserted only three affirmative defenses and were far more restrained than most.

### III. CONCLUSION

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Affirmative Defenses [DE 10] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of August, 2010.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record